UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABNER E. SPARKES,<br><br>                           Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK; POLICE OFFICER JOHN DOES ET AL. (PERSONALLY AND IN HIS OFFICIAL CAPACITIES),<br><br>                           Defendants. | 1:24-CV-9393 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Abner E. Sparkes, who is currently held in the Eric M. Taylor Center on Rikers Island, brings this *pro se* action asserting that the defendants violated his federal constitutional rights, and he seeks damages. He names as defendants: (1) the City of New York; and (2) "Police Officer John Doe et al. (personally and in his official capacities) [*sic*]" ("Police Officer John Doe"). For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

The applicable venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b). Under that provision, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a

defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

It is clear that the City of New York resides within this judicial district and within the Eastern District of New York. *See* 28 U.S.C. § 112(b), (c).[1] Plaintiff does not, however, indicate where Police Officer John Doe resides.[2] Thus, it is unclear whether this court is a proper venue for this action under Section 1391(b)(1). Plaintiff does allege, however, that the events that are the bases for his claims occurred at the New York City Police Department's 105th Precinct and at the New York Supreme Court, Queens County, both of which are located within Queens County, New York (ECF 1, at 4), within the Eastern District of New York, *see* § 112(c), and also on Rikers Island (ECF 1, at 4), which is located within Bronx County, New York, within this judicial district, *see* § 112(b). Thus, under Section 1391(b)(2), this court and the United States District Court for the Eastern District of New York are both proper venues for this action.

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: New York (New York City Borough of Manhattan), Bronx (New York City Borough of the Bronx), Westchester, Dutchess, Rockland, Orange, Putnam, and Sullivan. *See* § 112(b). The Eastern District of New York is comprised of the following New York State counties: Kings (New York City Borough of Brooklyn), Queens (New York City Borough of Queens), Richmond (New York City Borough of Staten Island), Nassau, and Suffolk. *See* § 112(c).

[2] Plaintiff only alleges that Police Officer John Doe's work address is located at 1 Police Plaza, New York, New York. (ECF 1, at 3.)

operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. The majority of the underlying alleged events occurred in Queens County, within the Eastern District of New York, and it is reasonable to expect that relevant documents and witnesses would be located in that judicial district. Thus, the United States District Court for the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, this Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 13, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge